**IN THE DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| PAULINE WILLS, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>v.<br><br>AMGUARD INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant. | No: 21-cv-189<br><br>Removed from Madison County Circuit Court, State of Illinois<br>Case No: 21-L-000054 |

## NOTICE OF REMOVAL

Defendant AmGUARD Insurance Company ("AmGUARD"), by counsel, hereby removes this civil action pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 to the United States District Court for the Southern District of Illinois from the Circuit Court of the Third Judicial Circuit in and for Madison County, Illinois. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d).

By filing this Notice of Removal, Defendant does not intend to waive, and hereby reserves, any objections as to venue, the legal sufficiency of the claims alleged in the Action, and all other defenses. Defendant reserves the right to supplement and/or amend this Notice of Removal.

### I.　　BACKGROUND

1.　　On January 15, 2021, Plaintiff Pauline Wills ("Plaintiff") filed a class action complaint in Illinois State Court, Third Judicial Circuit, the Circuit Court of Madison County, Illinois against AmGUARD. The Complaint is attached as <u>Exhibit A</u>. AmGUARD was served with the Complaint on January 20, 2021.

2. Plaintiff alleges that she contracted with AmGUARD for an insurance policy providing coverage for certain losses to a dwelling and other structures owned by Plaintiff located at 5727 Warren Avenue, East St. Louis, Illinois ("the Residence Premises"). Compl. ¶ 5. Plaintiff contends her property was insured by AmGUARD and she paid premiums in exchange for insurance coverage. *Id.* ¶ 6.

3. Plaintiff further alleges, on or about April 27, 2020, the Residence Premises suffered damage covered by the Policy for which Plaintiff submitted a claim to AmGUARD. *Id.* ¶ 9. Plaintiff contends AmGUARD calculated its cash value ("ACV") payment obligations to Plaintiff by estimating the cost to repair or replace the damage with new materials (replacement cost value, or "RCV"), and AmGUARD then subtracted the estimated deprecation (referred to as "replacement cost less depreciation" methodology). *Id.* ¶ 11.  Further it is alleged that the software used by AmGUARD, Xactimate®, calculated the payment to Plaintiff for her claim which included the ACV less the estimated depreciation. *Id.* ¶¶ 14-16. Plaintiff alleges she was underpaid on her ACV claim by AmGUARD allegedly withholding labor costs as depreciation. *Id.* ¶ 16.

4. Plaintiff further alleges that the Policy did not contain a "labor depreciation permissive form" which would expressly allow for depreciation of labor. *Id.* ¶ 23. Plaintiff alleges AmGUARD breached its obligations under the Policy by improperly withholding the cost of labor as depreciation. *Id.* ¶ 25. Plaintiff disputes whether portions of labor, as determined by AmGUARD, may be withheld as depreciation from Plaintiff's ACV payment under the terms of the Policy. Plaintiff purports to assert claims of "Breach of Contract" (Count I) and "Declaratory Judgment and Relief" (Count II). *Id.* ¶¶ 46-62.

5. Plaintiff seeks to represent a class of:

> All AmGUARD policyholders (or their lawful assignees) who made: (1) a structural damage claim for property located in Arizona, Arkansas, California, Illinois, Kentucky, Louisiana, Maryland, Mississippi, Ohio, South Carolina, Tennessee, Utah, Virginia and Wisconsin; and (2) for which AmGUARD accepted coverage and then chose to calculate actual cash value exclusively pursuant to the replacement cost less depreciation methodology and not any other methodology, such as fair market value; and (3) which resulted in an actual cash value payment during the class period from which non-material depreciation was withheld from the policyholder; or which should have resulted in an actual cash value payment but for the withholding of non-material depreciation causing the loss to drop below the applicable deductible, for the maximum limitations period as may be allowed by law and arguments of counsel.
>
> In this definition, "non-material depreciation" means application of either the "depreciative removal," "depreciative non-material" and/or "depreciate O&P" option settings with Xactimate® software or similar depreciation option settings in competing commercial software programs.
>
> The class excludes any claims for which the applicable limits of insurance was exhausted by the initial actual cash value payment.
>
> The class also excludes any claims arising under labor depreciation permissive policy forms, *i.e.,* those forms and endorsements expressly permitting "depreciation" of "labor: within the text of the policy form, unless the use of those forms are not permitted. *Id.* ¶ 33.

Plaintiff seeks compensatory damages, declaratory and injunctive relief, specific performance, costs and expenses on behalf of a putative class, and pre- and post-judgment interest. *Id.* ¶¶ 3-8 (Prayer for relief).

## II.   GROUNDS FOR REMOVAL

6.   This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(d), enacted as the Class Action Fairness Act of 2005 ("CAFA"). Jurisdiction exists under CAFA if the litigation is a "class action" as defined by CAFA, "the matter in controversy exceeds the sum or value of $5,000,000," and "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

### A.     This Litigation is a "Class Action" Under CAFA.

7. Plaintiff brought her lawsuit pursuant to Illinois' class-action rule. *See* Compl. ¶ 32. CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Actions filed pursuant to Illinois' class-action rule fall within CAFA's definition of a class action and accordingly, this lawsuit is a "Class Action" under CAFA.

### B.     The Matter Meets CAFA's Jurisdictional Minimum Amount in Controversy.

8. In order for jurisdiction to exist under CAFA, "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

9. "To assert the amount in controversy adequately in the removal … it suffice[s] to allege the requisite amount plausibly." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547 (2014). The removing party need not "incorporate into the notice of removal evidence supporting the allegation." *Id*.

10. Here, Plaintiff alleges "upon information and belief, the amount in controversy with respect to the proposed class exceeds $5,000,000, exclusive of interest and costs." Compl. ¶ 31. Plaintiff further alleges it is her reasonable belief that "hundreds or thousands of people have been damaged by Defendant's actions. The names and addresses of the members of the proposed class are readily identifiable through records available to Defendant." *Id.* ¶ 35.

11. Accepting Plaintiff's allegations as correct, if there are "hundreds or thousands" of people that have been allegedly damaged by AmGUARD's actions, the compensatory damages would meet CAFA's jurisdictional minimum.

12. The compensatory damages sought by plaintiff could, in total, exceed $5,000,000. Thus, the amount in controversy requirement under 28 U.S.C. § 1332(d) is satisfied. *See Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

### C. The Parties Satisfy CAFA's Minimum Diversity Requirement.

13. Plaintiff alleges she is a citizen of Illinois. Compl. ¶ 1. The putative class Plaintiff seeks to represent includes members who made claims of properties located in Arizona, Arkansas, California, Illinois, Kentucky, Louisiana, Maryland, Mississippi, Ohio, South Carolina, Tennessee, Utah, Virginia and Wisconsin. *Id.* ¶ 33. The putative class members would be overwhelmingly citizens of the states in which they insure property at issue in this matter, all are diverse from the state of Pennsylvania, AmGUARD's state of citizenship.

14. AmGUARD is organized under the laws of the State of Pennsylvania with its headquarters in Wilkes-Barre, Pennsylvania. *Id.* ¶ 2.

15. Thus, the minimum diversity requirement of 28 U.S.C. §1332(d)(2) is satisfied, as at least one of the "plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

### III. REMOVAL IS PROPER

16. The United States District Court for the Southern District of Illinois is the federal judicial district embracing the Circuit Court of the Third Judicial Circuit in and for Madison County, where the suit was originally filed. *See* 28 U.S.C. § 93. Venue is therefore proper in this Court under 28 U.S.C. § 1441(a).

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), and removal of this action to this Court is proper pursuant to §§ 1441, 1446 and 1453.

18. AmGUARD has attached a copy of all process, pleadings and orders served upon it, in accordance with 28 U.S.C. § 1446(a) as <u>Exhibit A</u>.

19. This Notice is being filed within 30 days after AmGUARD was served with the Complaint and, therefore, is timely filed pursuant to 28 U.S.C. § 1446(b).

20. Pursuant to 28 U.S.C. § 1446(d), undersigned counsel certifies that the Notice of Removal will be served promptly on Plaintiff and will be filed with the Clerk of the Court of the Third Judicial Circuit in and for Madison County. A copy of the Notice being filed with the Clerk of the Court of the Third Judicial Circuit is attached hereto as <u>Exhibit B</u>.

WHEREFORE, Defendant AmGUARD removes this action to the United States District Court for the Southern District of Illinois.

HEPLERBROOM, LLC

By: /s/Troy A. Bozarth
Troy A. Bozarth - 06236748
130 N. Main Street
P. O. Box 510
Edwardsville, IL 62025
Telephone: 618/656-0184
E: troy.bozarth@heplerbroom.com
Attorney for Defendant AmGUARD Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 18th day of February, 2021, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, via electronic mail, and/or U.S. mail:

Christopher W. Byron
Christopher J. Petri
Byron Carlson Petri & Kalb, LLC
411 St. Louis Street
Edwardsville, Illinois 62025
P: 618-655-0600
Email:  cwb@bcpklaw.com; cjp@bcpklaw.com

David T. Butsch
Christopher E. Roberts
Butsch Roberts & Associates LLC
231 S. Bemiston Ave., Suite 260
Clayton, MO 63105
E: butsch@butschroberts.com; roberts@butschroberts.com

/s/ Troy A. Bozarth